BARFIELD, Chief Judge.
In this appeal and cross-appeal from a final summary judgment and a final order of the circuit court, we are asked to interpret section 641.515(2), Florida Statutes (1993), to determine the meaning of the words “any identifying information”, and determine whether the confidentiality exemption of section 641.515(2) extends to the investigation of a Medicaid provider pursuant to section 409.913(7)(d). We hold that the trial court correctly construed the language “any identifying information” to include the identity of an HMO. We further hold that the trial court erred in not extending the confidentiality exemption to the investigation of an HMO as a Medicaid provider.
The plain meaning of “any identifying information” (emphasis added) does not permit the inclusion of some identifying information and the exclusion of other such information. Section 641.515(2) reads:
The reports and records prepared or obtained under this section or s. 641.512 by the agency or by an outside source may be used solely for the purpose of the agency in enforcing the requirements of this part and in disciplinary proceedings. Except as otherwise provided in this section, any identifying information contained in these records and reports is confidential and exempt from s. 119.07(1). This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.
This section does not differentiate between an individual and an HMO.
*739 The trial court should have extended the confidentiality exemption of section 641.515(2) to the investigation of an HMO according to section 409.913(7)(d), which reads:
The complaint and all information obtained pursuant to an investigation of a Medicaid provider, or the authorized representative or agent of a provider, relating to an allegation of fraud, abuse, or neglect are confidential and exempt from the provisions of s. 119.07(1):
* # * * *
(d) At all times if the complaint or information is otherwise protected by law.
Counsel for the media intervenors suggested at oral argument that the injunctive relief ordered by the trial court was much broader than necessary to accomplish the purpose of preserving confidentiality. While that may be true, no party presented this issue on appeal, and we 'will not hear it for the first time at oral argument.
The judgment and order of the trial court are AFFIRMED in part and REVERSED in part in accordance with the foregoing opinion.
KAHN and DAVIS, JJ., concur.